JACK ROSENBLIT ET AL. *v.* RICHARD B. LASCHEVER
(AC 29584)

Harper, Lavine and Beach, Js.

Argued March 17—officially released June 23, 2009

*Richard B. Laschever,* pro se, the appellant (defendant).

*Donald E. Weisman,* for the appellee (substitute plaintiff).

*Opinion*

LAVINE, J. The defendant, Richard B. Laschever, appeals from the judgment of the trial court rendered following its granting of the motion for judgment filed by the substitute plaintiff Mark S. Rosenblit.[1] The plaintiff's motion asked the court to enter a judgment in the

---

[1] On September 12, 2006, the attorney for the plaintiff Jack Rosenblit filed a suggestion of death, indicating that Jack Rosenblit had died and that no one had yet been appointed as an executor of his estate. On September 29, 2006, Jack Rosenblit's attorney filed a motion to substitute Mark S. Rosenblit, Jack Rosenblit's son and the executor of his estate, as a plaintiff, and the motion was granted on October 31, 2006. Francis Cosgrove was also a plaintiff in this action but is not a party to this appeal. We therefore refer in this opinion to the substitute plaintiff, Mark Rosenblit, as the plaintiff.

amount of $15,000 in his favor on the basis of a settlement agreement between the parties. The defendant argues on appeal that the court improperly concluded that the agreement entered into by the parties was a binding settlement agreement. We affirm the judgment of the trial court.

These are the relevant facts and procedural history. In 2005, Jack Rosenblit and Francis Cosgrove filed this action against the defendant, who was then a practicing attorney. In their complaint, they alleged legal malpractice, breach of contract and fraudulent concealment of a cause of action in violation of General Statutes § 52-595.

On September 12, 2006, at a pretrial hearing before the court, *Bryant, J.*, the defendant entered into an agreement and stipulation to settle the action with respect to Jack Rosenblit's estate only. On appeal, the defendant did not submit a copy of the agreement or a transcript from the September 12, 2006 hearing. He filed a statement on January 29, 2008, indicating that no transcript was necessary for this appeal. We therefore refer to the facts as set forth in a September 19, 2008 articulation of the decision of the court, *Elgo, J.*, to grant the plaintiff's motion for judgment.[2] The defendant does not seem to dispute those facts.

At the September 12, 2006 hearing, the defendant agreed to pay the estate of Jack Rosenblit a sum of $15,000 on or before September 15, 2007. The agreement provided that the amount would increase to $25,000 thereafter and that failure to comply would result in the court's rendering judgment against the defendant. The defendant answered affirmatively to the questions posed by Judge Bryant as to whether he had an adequate

---

[2] Judge Elgo indicated in a handwritten note on her order granting the plaintiff's motion for judgment on January 7, 2008, that the agreement was placed on the record before her.

opportunity to consider the terms of the agreement with Jack Rosenblit's attorney, whether he was satisfied with those terms and whether he had considered all the circumstances surrounding his decision and believed that entering into the agreement was in his interest. The defendant also stated that he had nothing further to ask the court with respect to any terms of the agreement.

The defendant did not enter into a similar agreement with Cosgrove on September 12, 2006, or at any time thereafter, and the dispute between them proceeded to trial. At the commencement of the trial, on October 31, 2006, the court, *Wiese, J.*, stated that it was its understanding that "what remains of [the] case is a cause of action brought by Cosgrove versus [the defendant]" because the matter had been resolved as to the plaintiff. The plaintiff's counsel agreed and the defendant made no objection. On March 1, 2007, Judge Wiese found that Cosgrove failed to sustain his burden of proof and rendered judgment in the defendant's favor.

On September 5, 2007, the defendant filed a motion to set aside the September 12, 2006 agreement and stipulation. He argued that he was under extreme stress at the time he entered into the agreement, that the stress had caused him to retire from legal practice and that when he entered into the agreement, he had assumed that "he would be able to make an accommodation with [Cosgrove]." The defendant further argued that because the court had rendered judgment on the merits in his favor after the trial and the plaintiff did not appeal from it, the defendant was not liable to the plaintiff. Judge Elgo denied the defendant's motion on October 22, 2007.

On October 31, 2007, the plaintiff filed a motion for judgment, stating that the defendant had not paid the

amount agreed to and asked the court to render judgment in the amount of $15,000.[3] The defendant filed an objection, setting forth the same arguments as in his September 5, 2007 motion to set aside the agreement. Judge Elgo granted the plaintiff's motion and rendered judgment in the plaintiff's favor.

On May 9, 2008, the defendant filed a motion for articulation. On September 17, 2008, the court filed an articulation of both its decision denying the defendant's motion to set aside the agreement on October 22, 2007, and its decision granting the plaintiff's motion for judgment on January 7, 2008. The court relied on its power to enforce a settlement agreement where the terms of the agreement are clear and unambiguous. The court stated that it had reviewed the transcript from the September 12, 2006 hearing and found that the defendant had agreed to pay the estate of Jack Rosenblit a sum of $15,000 on or before September 15, 2007, that thereafter that amount would increase to $25,000 and that the failure to comply would result in the court's rendering judgment against the defendant. The court quoted the exchange between the defendant and Judge Bryant and stated that it did not find any evidence that the defendant had been confused by the terms of the agreement. The court further concluded that the defendant did not dispute the terms to which he had agreed or claim that

---

[3] We note that the September 12, 2006 agreement stated that the defendant must pay $15,000 to the plaintiff on or before September 15, 2007, and that that amount would increase to $25,000 after September 15, 2007. In his motion for judgment, filed on October 31, 2007, the plaintiff asked the court to "enter a judgment of $15,000" in his favor. In his appellate brief, the plaintiff is asking us to affirm the court's decision but remand the matter to the trial court with direction to order the defendant to pay $25,000 to the plaintiff. At the oral argument, the plaintiff admitted that he erroneously requested the court to render judgment in the amount of $15,000. The proper course for the plaintiff to challenge the amount in the court's order granting his motion for judgment was to file a cross appeal from the court's judgment; see Practice Book § 61-8; which was not done. Consequently, we do not disturb the court's order.

there was a misunderstanding or fraud. The court also noted that, at the beginning of the trial against Cosgrove, the defendant did not object when Judge Wiese noted that the matter had been resolved as to the plaintiff. The defendant filed the present appeal from the court's January 7, 2008 judgment on January 29, 2008.

The defendant's sole claim on appeal is that the court improperly concluded that the September 12, 2006 agreement and stipulation was a binding settlement agreement.[4] His argument seems to be that the agreement should be set aside because, contrary to the court's finding, there was a misunderstanding between the parties in that the defendant's mistaken assumption that he would not be forced to proceed to trial against Cosgrove influenced his entering into the agreement with Jack Rosenblit's estate.[5] The only evidence the defendant refers to is Cosgrove's absence at the trial, although Cosgrove's attorney was present, and the fact

[4] The defendant additionally claims in his reply brief that the September 12, 2006 agreement is unenforceable because Jack Rosenblit died in August, 2006, and the motion to substitute a plaintiff was not granted until October 31, 2006. The defendant relies on the notion that the offeree's power of acceptance is terminated when the offeror or the offeree dies. See 1 Restatement (Second), Contracts § 48 (1981).

Although we note that the court found that the defendant entered into an agreement with Jack Rosenblit's *estate*, we do not address this claim because it was raised for the first time in the defendant's appellate reply brief. The defendant did not raise this issue when he entered into the agreement on September 12, 2006. He also failed to raise it when he filed his motion to set aside the agreement, his objection to the plaintiff's motion for judgment and his motion for articulation. The defendant's failure to raise the issue at trial deprived the trial court of the opportunity to address it. "[T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Baker* v. *Cordisco*, 37 Conn. App. 515, 525, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

[5] We note here that the court, in its articulation, found that the defendant did not claim that there was a misunderstanding or fraud. We nevertheless review the defendant's claim because he appears to have raised the issue in his objection to the motion for judgment.

that Cosgrove's attorney told the defendant on the day before the trial that Cosgrove would not proceed to trial.

We first set forth our standard of review. "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings. . . . When parties agree to settle a case, they are effectively contracting for the right to avoid a trial." (Citations omitted; internal quotation marks omitted.) *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 811–12, 626 A.2d 729 (1993).

"The existence of a contract is a question of fact to be determined by the trier on the basis of all of the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties." (Internal quotation marks omitted.) *Biller Associates* v. *Peterken*, 58 Conn. App. 8, 12, 751 A.2d 836 (2000), rev'd in part on other grounds, 269 Conn. 716, 849 A.2d 847 (2004). "In order for an enforceable contract to exist, the court must find that the parties' minds had truly met. . . . If there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them and the court will not make for them a contract which they themselves did not make." (Internal quotation marks omitted.) *Electrical Wholesalers, Inc.* v. *M.J.B. Corp.*, 99 Conn. App. 294, 302, 912 A.2d 1117 (2007).

"Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review.

The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) *Biller Associates* v. *Peterken*, supra, 58 Conn. App. 12.

Evidence that the defendant discussed a settlement with Cosgrove or that Cosgrove considered such a settlement does not cause us to question the court's finding that the parties' minds met on September 12, 2006. The court considered the exchange between the defendant and Judge Bryant on September 12, 2006, in which the defendant stated that he understood the terms of the agreement and was satisfied with them. The court also considered the fact that the defendant did not object when Judge Wiese remarked on October 31, 2006, that the matter was settled as to the plaintiff. On the basis of that evidence, the court found that the defendant entered into an agreement with the plaintiff and that the terms of that agreement were clear and unambiguous.

The defendant does not refer to any evidence that the possibility of an agreement between him and Cosgrove was discussed or negotiated on September 12, 2006, that it was included in the parties' agreement or that the agreement between the parties was conditioned on the defendant's potential settlement with Cosgrove. His belief that the agreement with the estate of Jack Rosenblit would end Cosgrove's action, therefore, is a purely subjective consideration that is not relevant to the court's finding of an enforceable contract. " 'In the formation of contracts . . . it was long ago settled that secret, subjective intent is immaterial, so that mutual assent is to be judged only by overt acts and words rather than by the hidden, subjective or secret intention of the parties.' 1 S. Williston, Contracts (4th Ed. Lord 2007) § 4.1, pp. 322–25." *Ravenswood Construction, LLC* v. *F. L. Merritt, Inc.*, 105 Conn. App. 7, 12, 936

A.2d 679 (2007). We therefore conclude that the court's finding that the parties entered into an enforceable contract was not clearly erroneous and that the court properly granted the plaintiff's motion for judgment.

The judgment is affirmed.

In this opinion the other judges concurred.