HAYES FAMILY LIMITED PARTNERSHIP ET AL. *v.*
TOWN OF GLASTONBURY
(AC 32697)

Gruendel, Alvord and Bishop, Js.

Argued September 15—officially released November 22, 2011

*Richard P. Weinstein,* with whom was *Nathan A. Schatz,* for the appellants (plaintiffs).

*Beth Bryan Critton,* for the appellee (defendant).

Opinion

GRUENDEL, J. The plaintiffs, Hayes Family Limited Partnership, Richard P. Hayes, Jr., and Manchester/ Hebron Avenue, LLC, appeal from the judgment of the trial court granting the motion to dismiss their complaint for lack of subject matter jurisdiction filed by the defendant, the town of Glastonbury. On appeal, the plaintiffs assert that the court improperly granted the motion to dismiss. The plaintiffs argue, in the alternative, that the court was required to hold an evidentiary hearing before deciding the motion to dismiss. We agree that the court should have held an evidentiary hearing before deciding the motion to dismiss and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiffs own a 2.4 acre parcel of land located at 1199 Manchester Road in Glastonbury. The property is comprised of a ledge, which rises steeply from the edges of the southwesterly corner of the intersection of Hebron Avenue and Manchester Road to a heavily wooded plateau abutting an established single-family neighborhood in a rural residential zone. On June 27, 2005, the plaintiffs filed a special permit application with the Glastonbury planning and zoning commission (commission). The plaintiffs proposed to build a 13,013 square foot, thirty-two foot high building with seventy parking spaces and a drive-through window on the property. On November 29, 2005, the commission denied the plaintiffs' application, citing the project's scale and

intensity in relation to the size and topography of the parcel, its impact on and lack of compatibility with the existing neighborhood and the inadequacy of the proposed landscaping.[1]

On October 5, 2009, the plaintiffs filed a complaint alleging that the defendant took the plaintiffs' property without just compensation under article first, § 11, of the constitution of Connecticut, and the fourteenth amendment to the United States constitution. The complaint alleges that there was no reasonable business use that could be made of the property without implicating the same problems cited in the commission's denial. On November 23, 2009, the defendant moved to dismiss the plaintiffs' complaint, arguing that the facts pleaded in the complaint were insufficient to establish the finality required to entitle the plaintiffs to judicial review, and the court therefore lacked subject matter jurisdiction. On January 15, 2010, the plaintiffs filed an objection to the motion to dismiss, accompanied by three affidavits, arguing, inter alia, that the court was required to hold an evidentiary hearing before deciding the motion to dismiss.

On August 4, 2010, the court granted the defendant's motion to dismiss and overruled the plaintiffs' objection. In its memorandum of decision, the court determined that the "plaintiffs are not entitled to judicial review of the merits of their regulatory takings claim until they meet the requirement of establishing that the commission will not allow any reasonable use of the property." On August 19, 2010, the plaintiffs filed a

---

[1] Pursuant to General Statutes § 8-8, the plaintiffs appealed the commission's decision to the Superior Court. The court dismissed the appeal, finding that the commission's decision was supported by the record, and the plaintiffs were granted certification to appeal to this court. We affirmed the decision of the Superior Court. *Hayes Family Ltd. Partnership* v. *Town Plan & Zoning Commission*, 115 Conn. App. 655, 657, 974 A.2d 61 (2009).

motion for reargument and reconsideration, claiming that disputed issues of material fact were addressed by the court in its memorandum of decision and resolved in favor of the defendant without the benefit of an evidentiary hearing. The court denied the motion. On September 16, 2010, the plaintiffs appealed from the judgment granting the defendant's motion to dismiss.

We begin by setting out the applicable legal principles and standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *Southern New England Telephone Co.* v. *Dept. of Public Utility Control,* 64 Conn. App. 134, 137, 779 A.2d 817 (2001), appeal dismissed, 260 Conn. 180, 799 A.2d 294 (2002). "Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bialobrzeski,* 123 Conn. App. 791, 795, 3 A.3d 183 (2010).

"When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which

are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Bagg* v. *Thompson*, 114 Conn. App. 30, 37–38, 968 A.2d 468 (2009). "[I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction . . . may encounter different situations, depending on the status of the record in the case. As summarized by a federal court discussing motions brought pursuant to the analogous federal rule, '[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' *Ramming* v. *United States*, 281 F.3d 158, 161 (5th Cir. 2001). Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." *Conboy* v. *State*, 292 Conn. 642, 650–51, 974 A.2d 669 (2009).

"[W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 348, 977 A.2d 636 (2009). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." *Lampasona* v. *Jacobs*, 7 Conn. App. 639, 642–43, 509 A.2d 1089 (1986).

In the present case, the plaintiffs were required to establish the finality of the commission's determination to confer subject matter jurisdiction on the court. See *Gil* v. *Inland Wetlands & Watercourses Agency*, 219 Conn. 404, 415, 593 A.2d 1368 (1991). "To demonstrate the requisite finality, a property owner asserting a regulatory takings claim bears the burden of proving that the relevant government entity will not allow any reasonable alternative use of his property." Id. On the basis of the complaint and the affidavits submitted by both parties, the court determined that the plaintiffs could not prove finality because the plaintiffs only submitted one special permit application for a particularly intensive development.

Viewing the pleadings in the light most favorable to the plaintiffs, we conclude that there was a critical factual dispute that the court resolved without the benefit of an evidentiary hearing. The plaintiffs assert that, in light of the criteria established by the commission with respect to the development of the property as set forth in its single denial of the plaintiffs' special permit application, there is no alternative use for the property. The plaintiffs submitted three affidavits, which reach the consensus that any development of this particular property would have ramifications identical to the proposed development, and, therefore, the hypothetical developments would be denied for the same reasons. The defendant offered evidence in the form of an affidavit of a staff liaison to the commission. In the affidavit, the liaison testified that neither the defendant nor the commission has taken the position that the property cannot be used for commercial purposes and that nothing in the defendant's zoning regulations would prohibit the submission of an application for a less intensive use of the property. Nevertheless, whether there are

viable alternative uses for the land that would not present the same problems posed by the initial special permit application, in light of the findings made by the commission in response to that application, cannot be resolved only by reference to the pleadings. This question, rather, presents an issue of fact, on which the plaintiffs are entitled to present evidence in response to the defendant's motion to dismiss.

"[W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute . . . [a]n evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties." (Citations omitted; internal quotation marks omitted.) *Conboy* v. *State*, supra, 292 Conn. 652–54. Here, the court resolved a critical fact on the basis of the complaint and the affidavits, both of which contained controverted facts. See *Fennelly* v. *Norton*, 103 Conn. App. 125, 139 n.11, 931 A.2d 269 (noting that evidentiary hearing "is warranted . . . in instances in which a motion to dismiss is accompanied by documentation, such as an affidavit, that raises a disputed issue of fact"), cert. denied, 284 Conn. 918, 931 A.2d 936 (2007). Given that the plaintiffs' allegations should have been read favorably to them, the proper course was not to dismiss the complaint but to set the matter down for an evidentiary hearing on that factual issue. Accordingly, we conclude that the court improperly granted the defendant's motion to dismiss without an evidentiary hearing.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.