BARBARA NOVAK ET AL. *v.*
BRIAN GOODRICH ET AL.
(AC 32726)

DiPentima, C. J., and Lavine and Borden, Js.

Argued October 17—officially released December 13, 2011

*David W. Colwick*, for the appellants (plaintiffs).

*Stacey D. Lafferty*, for the appellee (defendant John Collinson).

*John M. Parese*, with whom, on the brief, was *John F. Buckley, Jr.*, for the appellees (defendant Robert Scott et al.).

*Opinion*

BORDEN, J. The plaintiffs, Barbara Novak and Gregory Dix, appeal from the judgment of the trial court granting the motions to dismiss their complaint filed by the defendants John Collinson and Robert and Melissa Scott.[1] The court granted the defendants' motions to dismiss on the ground that the plaintiffs failed to commence the action within the amount of time provided by General Statutes § 52-577c.[2] On appeal, the plaintiffs claim that the court improperly concluded that they did not bring this action within two years of their discovery of the injury or damage to their property, as required by § 52-577c. We agree and, accordingly, reverse the judgment of the trial court.[3]

---

[1] The plaintiffs also named as defendants in their complaint Brian Goodrich, the owner of two plots of land known as 5 and 6 Blaine Avenue, which adjoin the plaintiffs' property, and Valley Oil Company. Those defendants are not involved in this appeal. Accordingly, we refer herein to Collinson and the Scotts collectively as the defendants, and individually by name where necessary.

[2] General Statutes § 52-577c (b) provides: "Notwithstanding the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered."

[3] The plaintiffs also claim that using § 52-577c as the basis for the statute of limitations in this case would yield an unjust outcome, contrary to the legislature's intent, because the three year statute of limitations set forth in

The plaintiffs brought this action claiming that a furnace owned by the Scotts and serviced by Collinson was repaired incorrectly, resulting in oil leakage that caused personal and property damage. The defendants each moved to dismiss the complaint. The court granted the motions and rendered judgment dismissing the action. This appeal followed.

In their complaint, the plaintiffs alleged the following facts, the truth of which we assume for purposes of this appeal. See *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010). On or about November 5, 2006, the Scotts, tenants on the property adjacent to the plaintiffs, which is owned by Brian Goodrich, contacted Valley Oil Company because they were having a problem with their furnace located on the exterior of their mobile home at 6 Blaine Avenue in Clinton. In response, Collinson, an employee of Valley Oil Company, repaired the Scotts' furnace and installed a new fuel filter. At some point between November 6, 2006, and January 10, 2007, the oil filter leaked and continued to leak home heating oil onto the property of Goodrich and ultimately onto the plaintiffs' property at 4 Blaine Avenue. The fuel oil eventually entered and polluted the well of the plaintiffs. As a result of the leakage and subsequent pollution of the well, the plaintiffs temporarily had to move out of their residence, replace their well and replace various other personal items.

The plaintiffs commenced this action on November 12, 2009. The defendants moved to dismiss the action for lack of subject matter jurisdiction, claiming that the two year limitation period contained in § 52-577c was not a traditional statute of limitations, but was instead a limitation on the action itself, and that the complaint

General Statutes § 52-577 would then be shortened. In light of our conclusion, however, that the motions to dismiss were improperly granted, we need not reach this claim.

on its face demonstrated that the plaintiffs had failed to meet the two year statutory limitation period. The plaintiffs filed an objection to the defendants' motions to dismiss, claiming that (1) the statutory limitations period is not subject matter jurisdictional and, therefore, was not properly the subject of a motion to dismiss, (2) the complaint does not definitively establish when the plaintiffs discovered the damage to their property and (3) § 52-577c was intended to extend the three year statute of limitations contained in General Statutes § 52-577 by a period of two years. The defendants did not seek to introduce evidence in support of their motions to dismiss, choosing instead to rely on their reading of the complaint. The court granted the defendants' motions to dismiss, determining that § 52-577c was, as the defendants argued, a limitation on the action itself. Further, based on its reading of the complaint, the court determined that, because the plaintiffs discovered the damage to their property on January 10, 2007, they were required to commence an action for their alleged losses prior to January 10, 2009, and that the action was not commenced until November 12, 2009. Therefore, the court dismissed the action for lack of subject matter jurisdiction.

Before addressing the merits of the plaintiffs' appeal, we note that they have not renewed, in this court, their claim that § 52-577c is not a limitation on the action itself but is, instead, a traditional statute of limitations that ordinarily would be required to be pleaded as a special defense. Thus, the parties have briefed and argued this appeal on the basis that § 52-577c is such a limitation on the action itself, and not a traditional statute of limitations. Although we do not necessarily agree with that position, we conclude that it is unnecessary to answer that question because we ordinarily decide an appeal on the basis on which it was decided in the trial court and presented to us on appeal; see

*Friedman* v. *Meriden Orthopaedic Group, P.C.*, 272 Conn. 57, 66, 861 A.2d 500 (2004); and because we conclude that the judgment must be reversed based on the defendants' interpretation of § 52-577c. This, then, brings us to the merits of the plaintiffs' appeal.

We first set forth the standard of review governing motions to dismiss. "Our standard of review of a trial court's findings of fact and conclusions of law in connection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [granting] of the motion to dismiss will be de novo. . . . A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002).

"[T]he interpretation of pleadings is always a question of law for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Citations omitted; internal quotation marks omitted.) *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 24, 836 A.2d 1124 (2003).

We now turn to the pertinent language of the relevant statute. Section 52-577c (b) provides: "Notwithstanding

the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered."

The plaintiffs assert that the court improperly dismissed the complaint because, based on the pleadings, it could not be determined when the plaintiffs discovered the damage to their property. More specifically, the plaintiffs contend that the only facts that reasonably can be gleaned from the complaint are when the leak began and that the facts as stated fail to delineate when the plaintiffs discovered that the fuel oil leaked onto their property and caused the damage. The plaintiffs further claim that the defendants failed to provide any additional evidence outside of the pleadings in support of their motions to dismiss. In response, the defendants argue that on the basis of the plaintiffs' allegations the latest possible discovery date is January 10, 2007, and thus the plaintiffs' claims are time barred pursuant to § 52-577c (b) because the claim against them was not commenced until approximately ten months after the two year time period.

We agree with the plaintiffs. We conclude that, reading the complaint in favor of the plaintiffs, it cannot be determined as a matter of law from the allegations of the complaint that the plaintiffs discovered or should have discovered the damage to their property on January 10, 2007.

Pursuant to § 52-577c, the two year limitation period begins to run on the date that the plaintiff discovers or should have discovered the injury or damage, not the date the injury was sustained or the negligent act

occurred. When the plaintiffs discovered the damage to their property and when they should have discovered the injury with reasonable care are issues that, on the basis of the complaint, cannot be determined. The plaintiffs alleged in their complaint that the leakage occurred sometime after November 5, 2006, until January 10, 2007, and as a result of that leakage and the subsequent pollution of their well the plaintiffs incurred both personal and property damage. The complaint in no way specifies when the pollution of the well or damage to the property occurred; it only specifies that it happened at some point after January 10, 2007. Furthermore, paragraph eight of the complaint explicitly states that the oil filter continued to leak *after* January 10, 2007, and provides no clear insight into when the leak may have stopped or when it was discovered to have made its way to the plaintiffs' property. Thus, reading the complaint in favor of the plaintiffs, as we must, and in the absence of any evidence to the contrary, the complaint is devoid of any indication that the plaintiffs discovered, or reasonably should have discovered, the damage to the property within the two year statutory period.

The defendants, in their brief, isolate the specific portion of paragraph ten of the complaint, which states that "[t]he leakage happened from sometime after November 5, 2006 until January 10, 2007," in order to support the conclusion that the plaintiffs knew the leak stopped on January 10, 2007, and, therefore, must have discovered that the oil leaked onto their property no later than that date. That allegation of the complaint, however, does not compel the inference that, because the leak allegedly occurred until January 10, 2007, the plaintiffs necessarily discovered the damage caused by the defendants' acts of negligence as of January 10, 2007.

Individual portions of the complaint cannot be dissected and analyzed in a vacuum, as the defendants

attempt to do here. Instead, the complaint must be considered in its entirety; see *Collins* v. *Anthem Health Plans, Inc.*, supra, 266 Conn. 24; and in favor of the nonmoving party, and when we do so here there is nothing to indicate any specific date or time at which the plaintiffs discovered the damage.[4] Therefore, as there are no allegations or supporting evidence to determine when the plaintiffs discovered or reasonably should have discovered that the fuel oil leaked onto their premises, the motions to dismiss should not have been granted.

The judgment is reversed and the case is remanded with direction to deny the motions to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.

---

[4] In fact, during oral argument, counsel for the Scotts stated: "I can't argue to you that the complaint unequivocally sets forth the date it was discovered." Moments later, he further acknowledged, "I can't tell you through the pleadings alone that the oil went from this property to this property on said date; it was not alleged."