******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CARRIE MANKA *v.* THE WALT DISNEY COMPANY
(AC 34777)

Alvord, Bear and Harper, Js.

*Argued October 15, 2013—officially released March 25, 2014*

(Appeal from Superior Court, judicial district of New Britain, Pittman, J.)

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*Michael T. McCormack*, with whom, on the brief, was *Michael C. Sorensen*, for the appellee (defendant).

*Opinion*

PER CURIAM. This action arises out of an automobile accident between the plaintiff, Carrie Manka, and a nonparty, Nicole Briscoe. The plaintiff sought to hold the defendant, The Walt Disney Company, liable for her injuries as Briscoe's employer. The plaintiff appeals from the judgment of the court granting the defendant's motion to dismiss for lack of personal jurisdiction, arguing that the dismissal was based on factual findings that were clearly erroneous.[1] We affirm the judgment of the trial court.

The court made the following findings of fact, as detailed in its memorandum of decision. Keko Media, Inc. (Keko), entered into a contract with ESPN Productions, Inc. (ESPN), agreeing that Briscoe would provide commentary and analysis for ESPN television and radio programs.[2] Pursuant to the contract, ESPN assigned Briscoe's appearances and arranged her travel accommodations. On December 7, 2008, Briscoe was driving to ESPN's Connecticut office when the rental car she was operating collided with the plaintiff's vehicle in Bristol.[3]

On September 9, 2010, the plaintiff commenced the present action.[4] By way of a timely motion to dismiss, the defendant argued that the court lacked personal jurisdiction over it because it is a foreign corporation, and the plaintiff could not satisfy Connecticut's long arm statute, General Statutes § 33-929 (f). The plaintiff, a Connecticut resident, conceded that the defendant is a foreign corporation, but argued that it was still amenable to suit pursuant to the long arm statute. In order to decide the jurisdictional question, the parties were provided with an opportunity to conduct discovery[5] and present admissible evidence[6] to the court at an evidentiary hearing.[7]

Pursuant to § 33-929 (f), a Connecticut court has jurisdiction over a foreign corporation, inter alia, "on any cause of action arising as follows: (1) [o]ut of any contract made in this state or to be performed in this state . . . or (4) out of tortious conduct in this state . . . ." In support of her claim that the court had personal jurisdiction over the defendant, the plaintiff argued that the defendant is a party to the contract between Keko and ESPN, which required Briscoe to work in Bristol. This claim is based on language in the contract that defines ESPN as including "[ESPN's] parent, subsidiary, and affiliated companies." The plaintiff argued that the defendant is an "affiliated compan[y]" pursuant to the contract by virtue of the corporate relationship between ESPN and the defendant, and therefore the defendant is a party to the contract. Furthermore, the plaintiff claimed that the accident occurred while Briscoe was performing the contract. This leads to the conclusion, according to the plaintiff, that there is jurisdiction based

on a cause of action arising out of a contract to be performed in the state. The plaintiff also claimed, in the alternative, that the court had jurisdiction because the defendant engaged in tortious conduct in the state. This claim is based on the proposition that Briscoe was the defendant's employee at the time of the accident. The plaintiff reasoned that personal jurisdiction existed because the defendant is responsible for Briscoe's actions as its employee, and therefore the defendant is liable for a tort committed within the state.

The court concluded that there was no credible evidence submitted in the present action that the defendant conducted business in or entered into a contract to be performed in Connecticut. With respect to the relationship between the defendant and ESPN, the court characterized the evidence submitted as "unreliable," consisting of "a variety of printouts from internet websites that are otherwise unauthenticated." The court also concluded that Briscoe was not the defendant's employee but rather was employed by Keko. On the basis of these conclusions, the court granted the defendant's motion to dismiss. The plaintiff filed a timely appeal.

The plaintiff argues that the court erred in granting the defendant's motion to dismiss because the court improperly concluded (1) that the defendant was not a party to the contract between ESPN and Keko, and (2) that Briscoe was not employed by the defendant. When a motion to dismiss for lack of personal jurisdiction over a foreign corporation raises issues of fact in light of the record, the burden is on the plaintiff to establish that the court has jurisdiction. *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 515, 923 A.2d 638 (2007). "A motion to dismiss . . . properly attacks the jurisdiction of the court . . . ." (Internal quotation marks omitted.) *Narayan* v. *Narayan*, 305 Conn. 394, 401, 46 A.3d 90 (2012).

"[O]ur review of the court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Hayes Family Ltd. Partnership* v. *Glastonbury*, 132 Conn. App. 218, 221, 31 A.3d 429 (2011). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Nationwide Mutual Ins. Co.* v. *Allen*, 83 Conn. App. 526, 533, 850 A.2d 1047, cert. denied, 271 Conn. 907, 859 A.2d 562 (2004). "The applicable standard of review for the [granting] of a motion to dismiss, therefore, generally turns on whether the appellant seeks to chal-

lenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) *Hayes Family Ltd. Partnership* v. *Glastonbury*, supra, 221.

The plaintiff argues that the court erred in dismissing the case because the court improperly concluded that the defendant was not a party to the contract between Keko and ESPN. The court found that the present action "does not derive from any contract that [the defendant] made in this state or that [the defendant] caused to be performed in this state." The court also found that, based on the plaintiff's evidence, "the two companies appear to be linked through a number of intermediary corporations." The relationship that exists between two companies is a finding of fact subject to the clearly erroneous standard of review.[8] See *Naples* v. *Keystone Building & Development Corp.*, 295 Conn. 214, 234, 990 A.2d 326 (2010) (decision to pierce corporate veil subject to clearly erroneous standard of review). Although the court found the companies appeared to be linked through intermediary corporations, the court's finding that there was no direct relationship between the defendant and ESPN was based on the absence of credible evidence that such a relationship existed. After a careful review of the record, we agree with the court's characterization of the evidence alleging a direct relationship as "unreliable," and we conclude that the court's finding was not clearly erroneous. See *Herring* v. *Daniels*, 70 Conn. App. 649, 659–60, 805 A.2d 718 (2002) (finding based on absence of evidence not clearly erroneous).

The plaintiff also claims the court erred in concluding that Briscoe was not the defendant's employee. The conclusion that an individual is an employee is a finding of fact subject to the clearly erroneous standard of review. *Nationwide Mutual Ins. Co.* v. *Allen*, supra, 83 Conn. App. 533. The distinguishing characteristic of an employer-employee relationship is "the right to control the means and methods used by the worker in the performance of his or her job." (Internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 680–81, 748 A.2d 834 (2000). The court found that Briscoe was Keko's employee and not employed by the defendant. This finding was not clearly erroneous. The agreement between Keko and ESPN states that Keko will make Briscoe available to ESPN to provide commentary and analysis at ESPN's discretion. This supports the finding that Briscoe was Keko's employee.[9]

In light of our conclusion that the findings were not clearly erroneous, we affirm the court's judgment granting the defendant's motion to dismiss for lack of personal jurisdiction. The court's finding that the defendant was not a party to the contract defeats the argument that the cause of action is based on a contract entered into or to be performed in this state. Also, the plaintiff's

claim that the defendant committed a tortious act in Connecticut through Briscoe is unavailing because the court's conclusion that Briscoe was not the defendant's employee was not clearly erroneous. See *Elliott* v. *Waterbury*, 245 Conn. 385, 408, 715 A.2d 27 (1998) (defendant not liable for acts of person not agent or employee). We conclude that the plaintiff did not sustain her burden of proving that the court had personal jurisdiction over the defendant pursuant to § 33-929 (f), and that the court properly granted the motion to dismiss.[10]

The judgment is affirmed.

[1] The plaintiff also claims that the court erred by failing to pierce the corporate veil. Because the plaintiff did not argue this theory before the court, she is precluded from raising it on appeal. *Rosenblit* v. *Laschever*, 115 Conn. App. 282, 287 n.4, 972 A.2d 736 (2009).

[2] Briscoe is also the president of Keko.

[3] The court found that because the defendant was not the owner of the rental car, the plaintiff could not utilize General Statutes § 52-183, which establishes in civil actions a presumption that the operator of the vehicle is the owner's agent. The plaintiff does not challenge this determination on appeal.

[4] The plaintiff initially commenced an action against Briscoe, the rental car company, ESPN, and the defendant. The plaintiff failed to properly serve the defendant in that action, and thereafter initiated the present action.

[5] The plaintiff also claims on appeal that the court improperly quashed her subpoena. During the discovery phase leading up to the evidentiary hearing, the plaintiff subpoenaed ESPN's "keeper of records" to produce certain documents. The defendant filed a motion to quash, which the court granted in part in an order stating: "[A]ny future subpoenas duces tecum served upon [ESPN] . . . similar to those which are subject to the motion . . . to quash . . . are limited to an itemization of those payments made by or on behalf of the defendant . . . pursuant to the [agreement between Keko and ESPN] and the corresponding documentation." The plaintiff served ESPN with a second subpoena requesting that it produce records at the evidentiary hearing. At the hearing, the plaintiff argued that the defendant failed to produce the documents requested. The court concluded that, in light of the limitations in the previous order, the second subpoena sought the same materials requested in the previous one. Furthermore, the court concluded that the defendant had complied with the previous request.

"[T]he granting or denial of a discovery request rests in the sound discretion of the court. . . . [T]hat decision will be reversed only if such an order constitutes an abuse of discretion. . . . Under the abuse of discretion standard, we must make every reasonable presumption in favor of the trial court's action." (Citation omitted; internal quotation marks omitted.) *Woodbury Knoll, LLC* v. *Shipman & Goodwin, LLP*, 305 Conn. 750, 775, 48 A.3d 16 (2012). "Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Internal quotation marks omitted.) *Murtha* v. *Hartford*, 303 Conn. 1, 13, 35 A.3d 177 (2011). After carefully reviewing the two subpoenas, we conclude that the court did not abuse its discretion in determining that they requested the same material. In light of this, and the deference we afford the court's credibility determination, the plaintiff's claim fails.

[6] The plaintiff also argues that the court improperly excluded evidence as to whether the defendant is an "insurer" under General Statutes § 38a-271 (a). At the evidentiary hearing, the plaintiff presented letters from an insurance claims administrator to demonstrate that the administrator was the defendant's agent. The court sustained the defendant's hearsay objection to the evidence. The plaintiff claims that the letters were admissible under the statement by a party opponent exception to the hearsay rule because the claims administrator was the defendant's agent. The determination that the letters were hearsay is subject to plenary review. *State* v. *Foster*, 293 Conn. 327, 334, 997 A.2d 199 (2009). Hearsay is an out-of-court statement offered to establish the truth of the matter asserted. Conn. Code Evid. § 8-1 (3). Hearsay evidence is inadmissible, subject to certain exceptions. Conn. Code Evid. § 8-2. Under the party opponent exception to the hearsay rule, a party must first offer prima facie evidence of an agency relationship before the agent's statement is admissible. *Robles* v. *Lavin*, 176 Conn. 281, 284, 407 A.2d 959 (1978). We conclude that the court properly determined that

the letters were hearsay, as they were offered to prove the truth of the matter asserted therein, namely, that the sender was the third party claims administrator for the defendant, and there was no other evidence of an agency relationship.

[7] The plaintiff avers that, during the evidentiary hearing, the court improperly declined to rule on her motion to compel. At the hearing, the plaintiff stated that it was her understanding that the court would hear her motion. The court instructed the plaintiff that it never issued a notice that it would hear a motion to compel on that date. The court repeated multiple times that the purpose of the hearing was to present evidence regarding the jurisdictional matter, and not to hear the merits of a motion to compel. The plaintiff did not file any motions during the one month period from the conclusion of the hearing until the court issued its decision. Furthermore, the caseflow request upon which the plaintiff relies in support of her argument relates to a separate action, to which the defendant is not a party. Based on a careful review of the record, we conclude that there was no error.

[8] We note that the court did not specifically interpret the term "affiliate" in the contract. Although the plaintiff sought an articulation from the court, she did not ask the court to articulate its interpretation of the term "affiliate." Instead, she claimed: "[T]he trial court fails to articulate on what basis it finds that ESPN is not a direct subsidiary of [the defendant] . . . ." Furthermore, in her brief on appeal the plaintiff claims that the contract "expressly includes [the defendant] as a party . . . ." Because the plaintiff has failed to raise this issue of contract interpretation, we will not address it sua sponte. See *Calcano* v. *Calcano*, 257 Conn. 230, 245, 777 A.2d 633 (2001).

[9] For the reasons previously stated with respect to the plaintiff's claim that the defendant is ESPN's "affiliate," we also conclude that it was not clearly erroneous for the court to find that the defendant was not Briscoe's employer pursuant to the contract.

[10] Because we conclude that the plaintiff failed to satisfy § 33-929 (f), there is no need to engage in a constitutional analysis. *Lombard Bros., Inc.* v. *General Asset Management Co.*, 190 Conn. 245, 250, 460 A.2d 481 (1983).