******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KATHERINE CONNORS ET AL. *v.* ROLLS-ROYCE
NORTH AMERICA, INC.
(AC 36980)

Beach, Alvord and Mihalakos, Js.

*Argued September 22—officially released November 17, 2015*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*Kenneth A. Votre*, with whom was *Lauren McDonald*,
for the appellants (plaintiffs).

*Elizabeth R. McKenna*, with whom, on the brief, was
*Lori B. Alexander*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiffs, Katherine Connors and Erik Connors, appeal from the judgment of the trial court granting the motion to dismiss filed by the defendant, Rolls-Royce North America, Inc. The court declined to exercise jurisdiction over the parties on the basis that the plaintiffs were seeking to recover under a contract containing a forum selection clause that vested exclusive jurisdiction in Florida courts. On appeal, the plaintiffs claim that the court improperly (1) enforced a forum selection clause in a purported contract between the plaintiffs and a third party, Lexicon Relocation, LLC (Lexicon), to which the defendant was not a signatory, and (2) found the existence of an agency relationship between the defendant and Lexicon.[1] We agree that the court improperly granted the defendant's motion to dismiss and, accordingly, reverse the judgment of the trial court.

The following facts, as alleged in or necessarily implied from the complaint, are relevant to our resolution of the plaintiffs' appeal. See *May* v. *Coffey*, 291 Conn. 106, 108, 967 A.2d 495 (2009) (in reviewing "the trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader" [internal quotation marks omitted]). We also recognize that a motion to dismiss "invokes any record that accompanies the motion, including supporting affidavits that contain *undisputed* facts." (Emphasis added; internal quotation marks omitted.) *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 246, 969 A.2d 210 (2009).

The first count of the plaintiffs' two count complaint alleged that Erik Connors was hired by the defendant to work at the defendant's facility in Indiana. As part of the employment agreement, the defendant "promised . . . specific assistance in the sale of his home in Connecticut and [the] purchase of a new home in Indiana . . . ." Further, the defendant "agreed to relocate him and his family to Indiana and to cover the cost of the sale, including carrying the costs of his Connecticut home while the family relocated to Indiana . . . ." The defendant "represented and promised" that it "would assist in the sale of the plaintiffs' home in Connecticut, as well as provide the purchase of a home in Indiana, regardless of whether their home in Connecticut was sold." The defendant "breached their contract," however, by failing "to relocate" them, by failing "to take title to their home and carry the Connecticut home," and by failing to "assist in the purchase of a home in Indiana." Although "[t]he defendant offered the services of an outside company[2] to provide services to the plaintiffs," the company "failed to provide services and refused to enter into a contract with the plaintiffs."

The second count of the complaint incorporated the allegations of the first count and further alleged that Katherine Connors was a third party beneficiary "of the contract between Erik Connors and [the defendant]." The plaintiffs' complaint does not specify whether the referenced contract was oral or in writing, or, if in writing, the title of the contract or the date that it was executed. In their prayer for relief, the plaintiffs sought monetary damages, the costs of the action, and attorney's fees.

On June 28, 2012, the defendant filed a motion to dismiss the plaintiffs' complaint "based on improper venue and the plaintiffs' prior abandonment of these claims."[3] The defendant claimed that dismissal was appropriate "because the document the plaintiffs characterize as a contract contains a mandatory and exclusive forum selection clause requiring that the instant litigation take place in Florida . . . ." The plaintiffs filed an objection to the defendant's motion to dismiss on July 11, 2012. In their objection, the plaintiffs claimed that (1) "[t]he forum selection clause that [the defendant] seeks to enforce is within a document purporting to be a contract that [the defendant] did not execute, nor was it, in fact, ever executed by [Lexicon]," and (2) "[t]here is no forum selection clause to enforce in any contract involving any of the parties." In the plaintiffs' memorandum of law filed with their objection, they stated that "the purported Lexicon contract has no significance to any of the claims against [the defendant] . . . ." Although the plaintiffs did not identify the employment agreement upon which their claims were based, they did emphasize that "no contract was executed between Lexicon and the [plaintiffs]" and that the defendant was not a party to the purported Lexicon contract. The plaintiffs expressly stated that "there is no Lexicon contract." Because the forum selection clause is contained in the purported contract between the plaintiffs and Lexicon, the plaintiffs argued that the defendant could not rely on that clause to support its motion to dismiss the complaint.

A hearing on the defendant's motion to dismiss was held on April 7, 2014. At that time, counsel for the defendant stated that the present action was the third action by the plaintiffs against the defendant for the same claims. The first action, filed in 2010, was brought against the defendant and Lexicon. It was dismissed by the court under its dormancy program for failure to prosecute with reasonable diligence. The second action, filed in 2011, was commenced against the defendant only. That action was withdrawn by the plaintiffs in October, 2011. The present third action was commenced against the defendant in December, 2011. According to the defendant's counsel, all of the claims in all three actions were based upon the terms and conditions contained in the Lexicon contract, even

though the plaintiffs never identified the contract that allegedly was breached in the present action.

The court asked the plaintiffs' counsel: "What do you claim obligates [the defendant] to buy [the plaintiffs'] house?" Counsel responded: "They promised it. They hired him on the representation that they would purchase the house in order to effectuate his move. When he got there, they terminated him. He was left holding the house in Indiana and a house in Connecticut and that's what—on his hiring terms. Those are the terms upon which he was hired." The court then asked if there was something in writing to that effect, and counsel represented that "[t]here was not a written contract of employment."

The court issued its memorandum of decision on May 27, 2014. In that decision, the court made the following determinations: (1) the substance of the present complaint is the same as the plaintiffs' two prior complaints and arises out of the same set of circumstances; (2) the "outside company" referenced in the present complaint is Lexicon; (3) although the plaintiffs argue that the defendant did not sign the Lexicon contract, that contract was signed by the plaintiffs;[4] (4) to the extent that the plaintiffs claim that the defendant promised them relocation services under some unspecified contract other than the Lexicon contract, they failed to attach any such contract to their memorandum of law in opposition to the motion to dismiss; (5) "[i]t appears that the [Lexicon contract] is the only contract under which [the plaintiffs] could seek damages against [the defendant]"; (6) the plaintiffs' complaint relies on the Lexicon contract and the defendant's offer letter as the basis for the plaintiffs' breach of contract claims; (7) although there are issues as to whether Lexicon or the defendant are bound by the Lexicon contract, there is no other contract between the parties that deals with any relocation services to be provided to the plaintiffs; (8) the defendant can enforce the provisions of the Lexicon contract because of its status as a third party beneficiary to that agreement; and (9) based on the allegations in the present complaint that Lexicon acted as the defendant's agent, the defendant could enforce the provisions of the Lexicon contract through normal agency principles even though it was not a signatory to that agreement. The court granted the defendant's motion to dismiss the plaintiffs' action on the basis of the forum selection clause in the Lexicon contract and rendered a judgment of dismissal. This appeal followed.[5]

"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . . [O]ur review of the court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous." (Cita-

tion omitted; internal quotation marks omitted.) *Manka* v. *Walt Disney Co.*, 149 Conn. App. 1, 6, 87 A.3d 1165 (2014).

Connecticut courts have long recognized the viability of forum selection clauses. In *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 41–42, 495 A.2d 1034 (1985), our Supreme Court acknowledged that "parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . . Absent a showing of fraud or overreaching, such forum clauses will be enforced by the courts." (Citation omitted; internal quotation marks omitted.) In *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 103, 897 A.2d 58 (2006), our Supreme Court expressly stated that the existence of a forum selection clause does not divest a trial court of personal jurisdiction over the parties, but it does present the question of whether it is reasonable for the court to exercise its jurisdiction in the particular circumstances of the case.

In the present case, the trial court cited the relevant case law pertaining to forum selection clauses and concluded that "[t]he plaintiffs' claims are clearly within the scope" of the forum selection clause in the Lexicon contract. The court stated that the plaintiffs were presumed to have read and understood that clause, and the court granted the defendant's motion to dismiss on that basis.

The fatal flaw in the court's determination is the fact that the enforceability of the Lexicon contract was very much at issue; it was *not* undisputed that the plaintiffs were relying on that contract for its claims against the defendant in this action or that the Lexicon contract was a validly executed contract.[6] In fact, the plaintiffs have consistently maintained in this third action that the Lexicon contract never became a contract because Lexicon never executed it.[7] The plaintiffs alleged that Erik Connors had an employment agreement with the defendant and that, as part of the agreement or "contract," the defendant "promised" and "represented" that it would assist with the plaintiffs' relocation efforts and expenses. It is true that the plaintiffs did not identify the source of the "promises" and "representations," and they did not indicate whether the contract was oral or written, but that is not a basis for dismissal of their action.[8] Rather, the defendant could obtain additional information by way of a request to revise. See Practice Book § 10-35.

"Under well established contract law, a contract must be definite and certain as to its terms and requirements. . . . In addition, there must be a manifestation of *mutual assent* to those terms and requirements. . . . [T]he existence of a contract is a question of fact . . . ." (Emphasis added; internal quotation marks omitted.) *Dreambuilders Construction, Inc.* v. *Diamond*, 121 Conn. App. 554, 559, 997 A.2d 553 (2010). The plaintiffs

have not alleged in their complaint, nor have they presented any documentation to suggest, that the Lexicon contract, which contains the forum selection clause at issue, is a valid and enforceable contract. The defendant has not provided an affidavit or any other documentation to demonstrate that the Lexicon contract is a valid and enforceable contract. There is nothing in the record to contradict the plaintiffs' position that the Lexicon contract was never executed by all parties and, therefore, that it never became a valid and enforceable contract. The court, in its memorandum of decision, even questioned whether the defendant or Lexicon could be bound by that contract. Nevertheless, the court expressly relied on the forum selection clause in the Lexicon contract to grant the defendant's motion to dismiss. The court's determination was clearly erroneous.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.

[1] Because the resolution of the first claim is dispositive of this appeal, we do not reach the plaintiffs' second claim.

[2] It is undisputed that Lexicon is the "outside company" referred to in the plaintiffs' complaint.

[3] The trial court stated that it did not address the abandonment of claims issue "because the case is subject to dismissal based on the forum selection clause."

[4] It also is undisputed that the purported Lexicon contract was signed by the plaintiffs but was not signed by Lexicon.

[5] The plaintiffs filed a motion to reargue and for reconsideration on June 16, 2014, which was denied by the court on June 17, 2014.

[6] Although the court emphasized that the plaintiffs signed the Lexicon contract, it also acknowledged that "there are issues as to whether Lexicon or [the defendant] are bound by the [Lexicon contract]" because neither Lexicon nor the defendant signed it. The defendant argued that the plaintiffs were bound by their allegations in their prior actions as to their reliance on the provisions of the Lexicon contract. We have read the prior complaints, and we note that the plaintiffs never directly alleged that their claims against the defendant were based on the Lexicon contract. "[T]he interpretation of pleadings is always a question of law for the court . . . ." (Internal quotation marks omitted.) *Novak* v. *Goodrich*, 132 Conn. App. 452, 456, 33 A.3d 757 (2011). Moreover, the court in the present action asked the plaintiffs' counsel at the April 7, 2014 hearing on the motion to dismiss the following question: "So, in your prior two actions, you allege the [Lexicon contract] as being the written contract. How do you get around that?" Counsel responded: "Because when we obtained a copy of it from them, it was discovered that the agreement never became an agreement. It wasn't accepted by Lexicon. So, I don't think we can be bound to the forum selection clause that Lexicon never accepted. . . . [The defendant] wasn't a party to that agreement."

[7] The defendant does not argue that the Lexicon contract was a binding contract. In its appellate brief, the defendant states: "[The defendant] has never taken the position that the [Lexicon contract] is a valid and enforceable agreement imposing the contractual allegations alleged in any of the actions brought by the plaintiffs." At oral argument before this court, defendant's counsel stated that the defendant never argued that the Lexicon contract was a valid and enforceable contract before the trial court and that it takes no position at this time as to its validity and enforceability.

[8] The defendant argues that any alleged oral contract between the plaintiffs and the defendant would be time barred by the applicable three year statute of limitations. See General Statutes § 52-581. The failure to comply with the statute of limitations for an oral contract, however, cannot properly be the basis for the granting of a motion to dismiss. "Generally, statutes of limitation are considered to be procedural and do not implicate subject matter jurisdic-

tion. . . . Ordinarily, a defendant must plead the failure to meet the applicable statute of limitations as an affirmative defense, and the defendant bears the burden of proving the elements of the defense by a preponderance of the evidence." (Citation omitted.) *St. Paul Travelers Cos.* v. *Kuehl*, 299 Conn. 800, 815, 12 A.3d 852 (2011).

---