[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (NO. 102)
I
On June 11, 1993, defendant Recognition Express International, Inc., (Recognition) pursuant to its franchise agreement, (agreement) with the plaintiffs, Ronald Davis and Ann Davis (plaintiffs), demanded arbitration seeking damages and specific performance for the breach of said agreement. Arbitration was held in San Diego, California under the auspices of the American Arbitration Association (AAA). On November 4, 1993, upon finding that the plaintiffs breached the CT Page 3187 agreement, the arbitrator issued an award requiring that plaintiffs pay to Recognition $28,594.22 in damages. After granting plaintiffs' request for a clarification of the award in connection with Recognition's demand seeking specific performance, the arbitrator issued a "clarified" award, dated December 16, 1993, finding that the agreement was subject to specific performance.
The plaintiffs moved on December 28, 1993 to vacate the award, as clarified, in this court. On January 12, 1994, Recognition commenced an action in the United States District Court for the Southern District of California seeking to confirm the arbitration award as prescribed by The Federal Arbitration Act, (FAA), 9 U.S.C. § 9. See Recognition Express International, Inc., v. Davis, CVH94-005-K (BTM).
On January 24, 1994, Recognition filed a motion to dismiss plaintiffs' action on the grounds of improper venue and the doctrine of forum non conveniens. Recognition further contends that because plaintiffs failed to identify the specific statute they rely upon in their motion to vacate the clarified award, they failed to comply with Practice Book and 109A.
On February 4, 1994, plaintiffs filed a revised motion to vacate the award on the ground that the arbitrator exceeded her authority prescribed by the AAA's Commercial Arbitration Rules by failing to issue an award within thirty days of the close of the arbitration hearing. They further argue that the clarified award should be vacated pursuant to General Statutes 52-418 (a)(4).[1] Plaintiffs argue in their memorandum of law that their motion to vacate the award pursuant to General Statutes 52-418 (a)(4) was properly filed in this court because the present action is not preempted by the FAA and that the doctrine of forum non conveniens cannot be invoked to displace the plaintiffs' choice of forum. The language of General Statutes 52-418 (a)(4) and 9 U.S.C. § 10(d) is verbatim.
 II
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citation omitted; CT Page 3188 emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544
(1991). "[J]urisdiction is the power in a court to hear and determine the cause of action presented to it." (Citations omitted.) Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth, Inc., 180 Conn. 223, 229 (1980). The motion to dismiss may be used to raise the doctrine of forum non conveniens; Mario Orgera, Inc. v. Stamford Towers Ltd. Partnership, 2 Conn. L. Rptr. 605 (November 9, 1990, Lewis, J.); and to assert improper venue. Lavin Enterprises, Inc. v. Addario, 2 CSCR 261, 262 (December 2, 1987, West, J.), citing Practice Book 143.
The relevant portion of the agreement relating to arbitration states:
24. GOVERNING LAW
 All matters relating to arbitration shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.). Except to the extent governed by the Federal Arbitration Act, the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. § 1051 et. seq.) or other federal law, this Agreement, the Franchise and the relationship between Franchisor and Franchisee shall be governed by the laws of the state in which the Center is located.
. . . .
30. ARBITRATION
 Except for controversies, disputes or claims related to or based on the marks or any lease of real estate, all controversies, disputes or claims between franchisor . . . and franchisee . . . arising out of or related to . . . this agreement or any other agreement between the parties or any provision of such agreements . . . shall be submitted for arbitration to the San Diego, California office of the American Arbitration Association on demand of either party. CT Page 3189 Such arbitration proceedings shall be conducted in San Diego, California and, except as otherwise provided in this agreement, shall be heard by one arbitrator in accordance with the then current commercial arbitration rules of the American Arbitration Association. All matters relating to arbitration shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.).
The FAA prescribes the following procedure for confirming and vacating an arbitration award: If the parties to a contract containing an arbitration provision have not agreed on a specific court where the confirmation of the award may be sought, "then such application may be made to the United States Court in and for the district within which such award was made." 9 U.S.C. § 9. Thereafter, the United States District Court within which the award was made "may make an order vacating the award upon the application of any party to the arbitration. . . ." 9 U.S.C. § 10.
The parties in the present case included a forum selection clause in their agreement, in which they agreed to arbitrate their disputes in San Diego, California and to have the arbitration proceedings be governed by the FAA. The parties further agreed that "[e]xcept to the extent governed by the [FAA]," their franchise agreement shall be governed by the laws of the state in which the franchisee's business is located. See paragraph 24 of the agreement. The franchisee's business is located in Connecticut.
 III
Recognition argues that plaintiffs' motion to vacate the award should be dismissed for lack of venue. A claim of improper venue "is a claim that the court, which otherwise has personal jurisdiction over the defendant, should decline to exercise it under the circumstances." Clarkson v. Classic Motor Carriages, Inc. 8 Conn. L. Rptr. 160 (December 28, 1992, Fuller, J.), citing Emlee Equipment Leasing Corporation v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 577-78 (1991); Dan Perkins Chevrolet v. Auto Tell Services, Inc., 7 CSCR 468,469 (March 17, 1992, Flynn, J.). CT Page 3190
"`[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court. . . .'" (Citation omitted.) United States Trust Co. v. Bohart, 197 Conn. 34, 42
(1985) (forum selection clause upheld where there was evidence of neither fraud nor grave and unfair inconvenience); see Fairfield Lease Corporation v. Romano's Auto Service, 4 Conn. App. 495,498 (1985). "Absent a showing of fraud or overreaching, such forum clauses will be enforced by the courts." United States Trust Co. v. Bohart, supra, citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-12,92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A forum selection clause, however, may not "make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." (Internal quotation marks omitted.) United States Trust Co. v. Bohart, supra, 42, quoting Burger King Corporation v. Rudzewicz, 471 U.S. 462, 478,105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); see TUC Electronics, Inc. v. Eagle Telephonics, Inc., 698 F. Sup. 35, 39 (D.Conn. 1988) ("Ordinarily, where parties have freely agreed upon a particular forum for their disputes, it is presumed [for purposes of the federal venue statute] that each party has been compensated by the bargain for any inconvenience it might suffer by resort to that forum."); Elia Corp. v. Paul N. Howard Co., 391 A.2d 214, 216 (Del.Super. 1978)("Mere inconvenience or additional expense is not the test of unreasonableness because it may be assumed that the plaintiff bargained good consideration for those things when he contracted with the defendant.").
"When the court selected is reasonably appropriate, and where there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements.'" Fairfield Lease Corporation v. Romano's Auto Service, supra, 498, quoting James Hazard, Civil Procedure, (2d Ed. 1977) 12.21. "Modern day commercial realities and expanding international trade are compelling reasons why a freely negotiated private agreement containing a forum selection clause should be enforced where it is unaffected by fraud, undue influence or unequal bargaining power." Clarkson v. Classic Motor Carriages, Inc., supra, citing The Bremen v. Zapata Off-Shore Co., supra, 10-12.
It is evident that the parties intended that their arbitration proceedings be governed by the FAA. It is further evident CT Page 3191 that neither party alleges fraud in connection with the contractual forum selection clause. Rather, plaintiffs contend that hiring counsel in California would pose an inconvenience upon them. However, the court finds that such an inconvenience does not make litigation so gravely difficult and inconvenient so that plaintiffs are unfairly disadvantaged in comparison with Recognition. It therefore appears that because plaintiffs have been compensated in their bargain for any inconvenience, the forum selection clause related to arbitration is enforceable and should be upheld. Accordingly, the laws of Connecticut should apply, except to the extent governed by the FAA.
Although the parties agreed to be governed by the FAA, it is unclear as to whether the parties agreed to be governed by California's interpretation of the FAA. In a contract action, a Connecticut court will apply the law of the place of contracting for substantive issues. (Citations omitted; internal quotation marks omitted.) In Re Carterhouse, Inc., 94 B.R. 271, 274 (Bkrtcy. D.Conn. 1988); see Brandewiede v. Emery Worldwide, 815 F. Sup. 60, 63 (D.Conn. 1992) (following a vested rights approach, "the validity and construction of a contract generally are determined by the law of the state of execution or by the law of the state in which the contract is to be performed.") But if reliance on this approach will produce arbitrary or irrational results,
 the law of the state chosen by the parties shall govern unless the state whose law was chosen either has nothing to do with the transaction, or application of that state's law would contradict a fundamental policy of a state which has a greater interest in the action and whose law would otherwise apply had it not been for the parties' choice.
(Citations omitted.) In Re Carterhouse, Inc., 94 B.R. 271, 274
(Bkrtcy. D.Conn. 1988); see Brandewiede v. Emery Worldwide,815 F. Sup. 60, 63 (D.Conn. 1992) (in such cases, Connecticut may "apply the law of the state with the most significant relationship to the contract.").
Here, neither party has introduced evidence to indicate the location where the place of the agreement was CT Page 3192 executed, or to indicate that California has nothing to do with the transaction, or to show that the application of California's law would contradict a fundamental policy of Connecticut. In contrast, it is evident that the parties incorporated the FAA into their agreement and intended to arbitrate any dispute in California. "In such instances, the forum will apply the applicable provisions of the law of the designated state in order to effectuate the intentions of the parties." 1 Restatement (Second), Conflict of Laws 136. The court accordingly concludes that the parties' clear intent was to arbitrate their dispute in California, and be governed by the FAA. This in turn reveals their intent to be governed by California's interpretation of the FAA.
When moving to vacate an arbitration award in accordance with the FAA, the majority of courts hold that the provisions of 9 U.S.C. § 9 are mandatory and exclusive and limit the "proper venue to the district where the arbitration award was made. . . ." (Citations omitted.) Soo Line R. Co. v. Chicago North Western Transp., 737 F. Sup. 68, 69 (D.Minn. 1990). But see Concourse Beauty School, Inc. v. Polakov,685 F. Sup. 1311, 1315 (S.D.N.Y. 1988). The United States Supreme Court has not addressed this precise issue. The ninth circuit has held that a motion to vacate an arbitration award must be filed within the district wherein the arbitration award was made. See Central Valley Typographical Union, No. 46 v. McClatchy Newspapers, 762 F.2d 741, 744 (9th Cir. 1985). It is accordingly evident that, following the ninth circuit, the proper venue in which to move to vacate the present arbitration award is in California where the entire case may be dealt with expeditiously. Because plaintiffs' motion to vacate the arbitration award was brought in an improper venue, Recognition's motion to dismiss the action must be granted.
 IV
Although plaintiffs' motion to vacate the award must be dismissed for lack of venue, the court nevertheless addresses the doctrine of forum non conveniens, also raised by Recognition. "[T]he doctrine of forum non conveniens vests discretion in the trial court to decide `where trial will best serve the convenience of the parties and the ends of justice.'" (Citations omitted.) Picketts v. International Playtex, Inc.,215 Conn. 490, 500 (1990). The plaintiff's choice of forum should rarely be disturbed because invoking the doctrine is a CT Page 3193 drastic remedy that must be approached with caution and restraint. Id., 500-01.
The threshold matter in applying the doctrine of forum non conveniens is the existence of an adequate alternative forum; Id., 504 n. 13; this matter is ordinarily satisfied if the defendant is amenable to service in another jurisdiction. Id. A court must then reasonably balance all relevant public and private interest factors. Union Carbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311, 319
(1989).
 [T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. . . . Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion.
(Citation omitted.) Picketts v. International Playtex, Inc., supra, 501-02. "It is difficult to imagine after Picketts that granting of a forum non conveniens motion would ever be sustained [in Connecticut]." Xerox Corp. v. Axel Johnson Energy Dev., 8 Conn. L. Rptr. 551, 554 (April 2, 1993, Lewis, J.).
In their memorandum of law in support of their opposition to the Recognition's motion to dismiss, plaintiffs concede that the United States District Court in California is an alternative forum for this action. Plaintiffs argue that the maintenance of this action in California would require them to inconveniently obtain unfamiliar counsel.[2] Plaintiffs further argue that both they and the business that gave rise to the arbitration dispute are located in Connecticut. CT Page 3194
Plaintiffs chose to bring this action in this court pursuant to General Statutes 52-418 (a)(4). It is "well-settled that state courts have jurisdiction to hear cases arising under the [FAA]." (Citations omitted.) Harbuck v. Marsh Block Co., 896 F.2d 1327 (11th Cir. 1990); see Stratford v. Bridgeport, 173 Conn. 303, 310-11 (1977) (Connecticut state courts may enforce rights created by federal law). A state's concurrent jurisdiction over the provisions of the FAA includes "the authority to vacate awards of the arbiter. Giangrande v. Shearson Lehman/E. F. Hutton, 803 F. Sup. 464, 474 n. 23 (D.Mass. 1992). Nevertheless, "[s]ince the [FAA] created a body of substantive federal law, if a state court has jurisdiction to vacate an award, federal law rather than state law governs the vacation of the award." Hilton Const. v. Martin Mech. Contractors, 251 Ga. 701, 308 S.E.2d 830, 832 (1983). Having been called upon to apply federal law, this court is capable of doing so "and it would be improper to invoke the doctrine of forum non conveniens solely to avoid a choice of law analysis." Picketts v. International Playtex, Inc., supra, 512, citing Rudetsky v. O'Dowd, 660 F. Sup. 341, 348 (E.D.N.Y. 1987).
Recognition argues that because the intent of the parties as expressed in their franchise agreement is to have disputes arbitrated using federal law, a motion to vacate the clarified arbitration award must be filed in California in accordance with the FAA. Recognition further argues that piecemeal litigation between Connecticut and California is not in the interest of the parties.
Using caution and restraint, because plaintiffs and the subject matter of the arbitration dispute are located in Connecticut, the court finds that Recognition has not met its heavy burden for disturbing plaintiffs' choice of forum, and the court need not therefore consider and balance the relevant private and public interest factors described in Union Carbide and Picketts, supra. Accordingly, the court rejects Recognition's arguments in support of the dismissal of this action on the ground of form non conveniens.
For the reasons set forth in Part III of this opinion, Recognition's motion to dismiss is granted on the ground of improper venue.
Teller, J. CT Page 3195