******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

GEORGE BERKA *v.* CITY OF MIDDLETOWN
(AC 41902)
GEORGE BERKA *v.* CITY OF MIDDLETOWN
(AC 42138)
GEORGE BERKA *v.* CITY OF MIDDLETOWN
(AC 42139)
GEORGE BERKA *v.* CITY OF
MIDDLETOWN ET AL.
(AC 42206)

Lavine, Elgo and Bear, Js.

*Syllabus*

The plaintiff filed four separate appeals against the defendant city of Middletown, challenging, inter alia, the issuance of blight orders against certain of the plaintiff's real property, and the rejection of his application for a special exception to operate a sober house at the same property. The trial court granted the defendant's motions to dismiss the four complaints for lack of subject matter jurisdiction, from which the plaintiff filed separate appeals to this court. *Held*:

1. In the appeal in Docket No. AC 41902, the plaintiff could not prevail on his claim that the city's blight ordinance violated, inter alia, his due process rights, as the trial court did not err in dismissing the plaintiff's appeal for lack of subject matter jurisdiction; the plaintiff had failed to exhaust his administrative remedies when he prematurely filed the appeal directly from the issuance of the blight citation, and prior to the defendant issuing a failure to pay fines notice in violation of the procedure as set forth by statute (§ 7-152c), and, therefore, there was no ruling by a hearing officer from which the plaintiff could have properly appealed to the trial court.

2. In the appeal in Docket No. AC 42138, this court lacked subject matter jurisdiction over the appeal, as the plaintiff failed to timely seek from this court certification for review of the judgment of dismissal, pursuant to statute (§ 8-8 (o)); the plaintiff never received the requisite affirmative vote of two judges that would have allowed him to appeal to this court and, accordingly, this appeal was dismissed.

3. In the appeal in Docket No. AC 42139, the trial court improperly granted the defendant's motion to dismiss the appeal for lack of an actual controversy with respect to the plaintiff's assertion of constitutional claims in an individual capacity challenging the defendant's blight ordinance; the defendant submitted uncontroverted evidence that it had issued blight citations and fines to the plaintiff pursuant to the challenged ordinance with respect to the plaintiff's property, and the trial court, having failed to construe the self-represented plaintiff's complaint in the broad and realistic manner as required by our case law, did not conduct an examination of the plaintiff's individual constitutional claims as required and, although this court offered no view as to the merits of the plaintiff's individual constitutional claims, the trial court could afford practical relief to the plaintiff if he ultimately proves that some or all of the provisions of the applicable statute (§ 7-152c) establishing a citation hearing procedure or the city's blight ordinance violated his constitutional rights.

4. In the appeal in Docket No. AC 42206, the trial court did not err in granting the defendant's motion to dismiss the plaintiff's complaint, as the defendant's withdrawal of the blight citation issued to the plaintiff on May 27, 2016, rendered moot the claims in the action he filed on May 8, 2018; no action had been taken against the plaintiff pursuant to the May 27, 2016 citation, and there was no practical relief that the court could grant the plaintiff.

Argued October 23, 2019—officially released February 11, 2020

*Procedural History*

Action, in the first case, challenging, inter alia, the

defendant's issuance of a blight citation on certain of the plaintiff's real property, and action, in the second case, challenging a certain zoning decision made by the defendant's planning and zoning commission, and action, in a third case, seeking to invalidate a certain ordinance of the defendant, and action, in a fourth case, challenging the issuance of a blight citation by the named defendant on certain of the plaintiff's real property, brought to the Superior Court in the district of Middletown, where the trial court, *Aurigemma, J.*, granted the defendant's motion to dismiss in the first case and rendered judgment thereon, from which the plaintiff appealed; thereafter, the trial court, *Domnarsks, J.*, granted the defendant's motions to dismiss in the second and third cases and rendered judgment thereon, from which the plaintiff filed separate appeals; subsequently, the court, *Domnarski, J.*, granted the named defendant's motion to dismiss in the fourth case and rendered judgment thereon, from which the plaintiff appealed. *Judgments in Docket Nos. AC 41902 and AC 42206 affirmed; appeal in Docket No. AC 42138 dismissed; judgment in Docket No. AC 42139 affirmed in part; reversed in part; further proceedings.*

*George Berka*, self-represented, the appellant in each case (plaintiff).

*Brig Smith*, for the appellee (defendant in first, second and third cases and named defendant in fourth case).

*Opinion*

BEAR, J. These four appeals pertain to certain real property in Middletown owned by the self-represented plaintiff, George Berka, and rented by him to multiple individuals. Although neither the cases nor the appeals have been officially consolidated, we write one opinion for the purpose of judicial economy and assess the claims made in each appeal.

The plaintiff appeals from four judgments of the Superior Court granting the motions of the defendant the city of Middletown[1] to dismiss the complaints in four cases for lack of subject matter jurisdiction. In two of his appeals to this court—Docket Nos. AC 41902 and AC 42206—the plaintiff's claims relate either to a citation issued to him in 2016 for conditions on his property alleged to have violated the Middletown blight ordinance, which citation subsequently was unilaterally withdrawn by the defendant, or to a subsequent citation issued to him in 2018 concerning essentially the same alleged violations. In his appeal in Docket No. AC 42138, the plaintiff challenges the denial of his application for a special exception to operate a sober house. The appeal in Docket No. AC 42139 concerns the propriety of the court's dismissal of the plaintiff's petition to have the blight ordinance invalidated on constitutional and other grounds. We affirm the judgments of the court with respect to the plaintiff's claims asserted in Docket Nos. AC 41902 and AC 42206. We dismiss Docket No. AC 42138 for lack of subject matter jurisdiction. We affirm the court's judgment in Docket No. AC 42139 with respect to its dismissal of the plaintiff's petition insofar as it (1) asks the court to amend the Middletown blight ordinance, and (2) is predicated on nonconstitutional grounds but we reverse the judgment of the trial court with respect to its dismissal of the plaintiff's constitutional claims asserted in an individual capacity.

The following undisputed facts and procedural history provide context for the plaintiff's four appeals. The plaintiff owns real property located at 5 Maple Place in Middletown (property) and rents rooms in the house on the property to individuals. The first appeal, Docket No. AC 41902, relates to the plaintiff's premature appeal to the trial court from the 2018 blight notice and subsequent citation. On January 10, 2018, the plaintiff was issued a notice of blight pursuant to chapter 120, article 11, § 120-25A of the City of Middletown Code of Ordinances (ordinance),[2] which was enacted in accordance with General Statutes § 7-152c (a). On February 14, 2018, after the plaintiff failed to remedy the alleged blighted conditions specified in the notice, the defendant issued a blight citation to the plaintiff. The citation provided the plaintiff fifteen days to pay the fines that had been assessed for the violations listed in the notice of blight. The plaintiff, however, brought an action in the trial court on March 22, 2018, prior to the issuance

of a failure to pay fines notice in accordance with § 7-152c and the ordinance, and prior to any administrative hearing or assessment of fines as provided for by § 7-152c and the ordinance. The defendant filed a motion to dismiss the complaint in that action on May 24, 2018, which was granted by the court on July 20, 2018. The court concluded that it lacked subject matter jurisdiction over the plaintiff's claim because the plaintiff had failed to exhaust his administrative remedies and, accordingly, his claim was not ripe for judicial review.[3]

The second appeal to this court, Docket No. AC 42138, relates to the plaintiff's request to the Middletown Planning and Zoning Commission (commission) for a special exception to operate a sober house on his property. The commission denied the application without prejudice on the basis that the property was not in compliance with a number of Middletown local health and safety ordinances, for which the plaintiff previously had been cited in 2016. The denial of the application was published in the Hartford Courant on February 22, 2018.[4] Forty days later, on April 3, 2018, the plaintiff appealed the denial to the trial court. The defendant filed a motion to dismiss that appeal on June 29, 2018, which was granted by the court on September 18, 2018, for lack of subject matter jurisdiction.

The plaintiff's third appeal to this court, Docket No. AC 42139, is from the dismissal of his petition to have the court invalidate or, in the alternative, amend the blight ordinance. On May 8, 2018, the plaintiff filed a "petition to overturn blight ordinance." On June 28, 2018, the defendant filed a motion to dismiss the plaintiff's petition, which the court granted on nonjusticiability grounds on September 18, 2018.

The fourth matter on appeal, Docket No. AC 42206, involves the defendant's unilateral withdrawal of the 2016 citation to the defendant. The plaintiff was issued a citation on May 27, 2016, for essentially the same underlying blight and city health code violations contained in the subsequent January 10, 2018, blight notice to him. The plaintiff was in the process of appealing that citation when the defendant unilaterally withdrew it on July 22, 2016.[5] The plaintiff thereafter withdrew his 2016 appeal. Almost two years later, on May 8, 2018, the plaintiff served a complaint alleging that the defendant had attempted to deprive him of his constitutional rights by issuing the 2016 blight citation. At oral argument in the trial court, and in his brief on appeal, he claims that the defendant's withdrawal of the citation was evidence of its consciousness of guilt. The defendant filed a motion to dismiss that complaint on July 2, 2018. On October 17, 2018, the court granted the defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction on the basis of mootness.

We first set forth the applicable standard of review

when considering a trial court's granting of a motion to dismiss. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting grant of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations. . . .

"When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Hayes Family Ltd. Partnership* v. *Glastonbury*, 132 Conn. App. 218, 221–22, 31 A.3d 429 (2011).

We address each appeal separately. Additional facts will be set forth as necessary.

I

AC 41902

In Docket No. AC 41902, the plaintiff appeals from the court's granting of the defendant's motion to dismiss the plaintiff's appeal for lack of subject matter jurisdiction. On appeal to this court, the plaintiff claims that the Middletown blight ordinance, as applied to him, violates his due process and other rights. Specifically, he claims, inter alia, that the ordinance is difficult for an ordinary person to understand, that the appeal process is overly complicated, and that the fines imposed for violations are oppressively high. The following facts are relevant to this appeal.

The defendant issued to the plaintiff a notice of blight on January 10, 2018, and, on February 14, 2018, the defendant issued to the plaintiff a blight citation. The defendant issued a failure to pay fines notice to the plaintiff on March 28, 2018. Under § 120-25A of the ordinance, the plaintiff may seek a hearing in front of a citation hearing officer within ten days of the issuance of a failure to pay fines notice. There is no provision

either in § 7-152c or the ordinance permitting an administrative appeal from the notice of blight or the blight citation. The plaintiff, moreover, filed an appeal from the issuance of the citation directly to the Superior Court on March 22, 2018—six days before the failure to pay fines notice was issued, and before he had filed any administrative appeal. At the time of filing his appeal to the court, the plaintiff did not have the right, pursuant either to § 7-152c or the ordinance, to seek administrative review by a Middletown administrative hearing officer. The plaintiff's first opportunity for an administrative hearing arose, pursuant to § 7-152c and the ordinance, only after the failure to pay fines notice was issued by the defendant on March 28, 2018.

"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) *Simko* v. *Ervin*, 234 Conn. 498, 503–504, 661 A.2d 1018 (1995).

In the present case, the plaintiff was required to receive a failure to pay fines notice in order for his right to an administrative review by a hearing officer to arise. The plaintiff, however, filed his appeal to the Superior Court prior to receiving a failure to pay fines notice. Therefore, at the time the plaintiff appealed to the court, he did not have the right to an administrative remedy by an appeal to a hearing officer. No administrative hearing had occurred, and there was no ruling by a hearing officer from which the plaintiff could appeal to the court. Accordingly, the court did not err in dismissing the plaintiff's appeal for lack of subject matter jurisdiction. Therefore, we affirm the judgment of the court dismissing the plaintiff's administrative appeal in Docket No. AC 41902.

II

AC 42138

In Docket No. AC 42138, the plaintiff appeals from the court's granting of the defendant's motion to dismiss the plaintiff's zoning appeal on the basis that his appeal to the court was untimely. Specifically, the plaintiff claims that, although the denial of his application to operate a sober house was published in the Hartford Courant on February 22, 2018, the actual date of denial should be recognized as being March 22, 2018, because

that is the date the plaintiff actually became aware of the denial. The plaintiff did not seek permission from this court to file the present appeal and, accordingly, we lack subject matter jurisdiction to hear this claim.

General Statutes § 8-8 (o) governs Superior Court and Appellate Court review of zoning commission decisions. On September 24, 2018, the date of the plaintiff's zoning appeal to this court, § 8-8 (o) provided: "There shall be no right to further review [of judgments rendered by the Superior Court] except to the Appellate Court *by certification for review*, on the vote of two judges of the Appellate Court so to certify and under such other rules as the judges of the Appellate Court establish. . . ." (Emphasis added.)

It is undisputed that, in the present appeal, the plaintiff did not timely seek from this court certification for review of the judgment of dismissal. He, therefore, never received the requisite affirmative vote of two judges that would have allowed him, in September or October, 2018, to appeal to this court. Accordingly, because no such certification was granted in this case, this court lacks subject matter jurisdiction over the appeal.[6] Therefore, we dismiss the plaintiff's appeal in Docket No. AC 42138.

### III

### AC 42139

In Docket No. AC 42139, the plaintiff appeals from the court's granting of the defendant's motion to dismiss his "petition to overturn blight ordinance" on nonjusticiability grounds. We reverse the decision of the court only with respect to the constitutional challenges alleged by the plaintiff in that petition in his individual capacity.

Before considering the merits of the plaintiff's claim, we first review the state of the record before us and the facts contained therein. It is undisputed that, on February 14, 2018, the defendant issued a blight citation to the plaintiff regarding the property.[7] It also is undisputed that, on March 22, 2018, the plaintiff commenced an appeal of that blight citation in the Superior Court for the judicial district of Middlesex.

On May 8, 2018, the plaintiff initiated an action seeking to invalidate the blight ordinance. The plaintiff commenced a third civil action that same day, which is the subject of Docket No. AC 42206; see part IV of this opinion; and which alleged due process violations stemming from a blight citation issued to the plaintiff by the defendant in 2016. The record thus unequivocally indicates, and the defendant on appeal concedes, that two related actions regarding the propriety of blight citations issued to the plaintiff regarding his property were pending in the same courthouse at the time that his "petition to overturn blight ordinance" was commenced.

His petition admittedly was not in the form of a complaint in accordance with the rules of practice. See Practice Book § 10-1.[8] The plaintiff's self-styled petition sets forth general allegations regarding the defendant's blight ordinance without any reference to particular properties or property owners. More specifically, the petitioner alleged that "(1) in its current form, [the blight ordinance] does not allow accused parties to contest the charges before being fined, (2) it does not grant accused parties the right to a speedy trial, (3) the fines are excessive relative to the minor nature of the infractions, (4) it does not adequately safeguard the rights of property owners, (5) it has the potential to unjustly inflict financial ruin, (6) it may be prejudicial against property owners in certain cases, and (7) it potentially violates many important constitutional safeguards, such as the rights to privacy, freedom of self-expression, security in one's possessions, and the prohibition against the taking of one's property without due process of law."

In response, the defendant moved to dismiss the petition for lack of subject matter jurisdiction, arguing that (1) no actual controversy existed between the parties, (2) the plaintiff was purporting to bring the action on behalf of all residents of the defendant municipality, and (3) the controversy was nonjusticiable, in that it properly was the prerogative of the defendant's legislative body to provide redress of the alleged infirmities in the blight ordinance. Significantly, the defendant appended five exhibits to its memorandum of law in support of that motion, including copies of the blight citation, the failure to pay fines notice, and the assessment of fines notice that the defendant issued to the plaintiff in 2018, regarding the property. Those materials thus were properly before the court when the issue of justiciability was raised, as the substance of those materials was not contested by the plaintiff.[9]

The plaintiff filed an objection to the motion to dismiss, in which he argued that "he absolutely does have standing" because "[t]he determination of the controversy will result in practical relief to [him by prohibiting the defendant] from imposing this unjust ordinance on him and his fellow property owners in the future." The plaintiff further averred that an actual controversy existed "between or among the parties to the dispute [because] the people of the [defendant municipality], inclusive of the plaintiff, are in a real danger of losing their homes without due process of law or just compensation, in direct violation of their [fifth and fourteenth] amendment rights."

By order dated September 18, 2018, the trial court, *Domnarski, J.*, granted the motion to dismiss. In that order, the court concluded that (1) "[t]here is no actual controversy between the parties," and (2) the plaintiff's claims are not justiciable because "the court cannot

give practical relief to the plaintiff. Any repeal or amendment of the blight ordinance must be done by municipal action, not by the court." On appeal, the plaintiff challenges the propriety of both determinations.

### A

We first consider the actual controversy question. In so doing, we are mindful that, in deciding a motion to dismiss, the "court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, *construing them in a manner most favorable to the pleader*." (Emphasis added.) *Pamela B.* v. *Ment*, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "[I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Connecticut Energy Marketers Assn.* v. *Dept. of Energy & Environmental Protection*, 324 Conn. 362, 385, 152 A.3d 509 (2016). Furthermore, it is "the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . The courts adhere to this rule to ensure that [self-represented] litigants receive a full and fair opportunity to be heard, regardless of their lack of legal education and experience . . . . This rule of construction has limits, however." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 549, 911 A.2d 712 (2006). "The modern trend . . . is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 569, 877 A.2d 761 (2005). "[W]hile courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 793, 189 A.3d 135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018).

In the present case, the plaintiff brought an action challenging the validity of the defendant's blight ordinance, claiming, inter alia, that it violates certain constitutional guarantees. In moving to dismiss that action, the defendant submitted uncontroverted evidence indicating that it had issued blight citations and fines to the plaintiff pursuant to the ordinance with respect to his property. The defendant likewise concedes, in its appellate brief before this court, that the plaintiff's action to invalidate the blight ordinance arises "out of the same underlying enforcement actions against his rental property at 5 Maple Place." In light of that concession, it is not surprising that the plaintiff, in objecting to the defendant's motion to dismiss, represented to the court that this action was brought because "the people of the [defendant municipality], *inclusive of the*

[*p*]*laintiff*, are in a real danger of losing their homes without due process of law or just compensation." (Emphasis added.)

In the proceedings in the trial court, the plaintiff, the defendant, and the trial judge all were aware of the multiple actions pending in that court regarding the application of the blight ordinance to the plaintiff's property.[10] The interrelatedness of those actions, which the defendant on appeal expressly concedes, is borne out by the pleadings in those related proceedings. Like the trial court, this court properly may take judicial notice of the filings in those related proceedings, which unequivocally indicate that the plaintiff was contesting the enforcement of the blight ordinance on his property.[11] See *Wasson* v. *Wasson*, 91 Conn. App. 149, 151 n.1, 881 A.2d 356 ("[t]he Appellate Court, like the trial court, may take judicial notice of files of the Superior Court in the same or other cases" [internal quotation marks omitted]), cert. denied, 276 Conn. 932, 890 A.2d 574 (2005); see also *Karp* v. *Urban Redevelopment Commission*, 162 Conn. 525, 527, 294 A.2d 633 (1972) ("[t]here is no question [of] our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise"); *Folsom* v. *Zoning Board of Appeals*, 160 Conn. App. 1, 3 n.3, 124 A.3d 928 (2015) (taking "judicial notice of the plaintiff's Superior Court filings in . . . related actions filed by the plaintiff").

Cognizant of our obligation to indulge every presumption favoring subject matter jurisdiction, as well as to provide reasonable latitude to self-represented parties; see *Maresca* v. *Allen*, 181 Conn. 521, 521 n.1, 436 A.2d 14 (1980); we disagree with the court's conclusion that the plaintiff's petition does not pertain to an actual controversy between the parties. The court improperly granted the motion to dismiss for lack of an actual controversy.

B

We next consider the question of practical relief. In dismissing the plaintiff's action to invalidate the blight ordinance, the court concluded that it "cannot give practical relief to the plaintiff [because] any repeal or amendment . . . must be done by municipal action, not by the court." To the extent that the plaintiff has asserted constitutional claims in an individual capacity, we disagree with the court.

"[W]hen a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear." *State* v. *Long*, 268 Conn. 508, 521, 847 A.2d 862, cert. denied, 543 U.S. 969, 125 S. Ct. 424, 160 L. Ed. 2d 340 (2004). To the extent that the self-represented plaintiff in the present case attempts to assert constitutional violations on behalf of the citizens of Middletown

generally, the plaintiff does not have standing to do so. "The authorization to appear [as a self-represented litigant] is limited to representing one's own cause, and does not permit individuals to appear [as a self-represented litigant] in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). Insofar as the plaintiff in his petition has asserted claims on behalf of the Middletown citizenry generally, the court properly granted the motion to dismiss such claims.

The plaintiff nonetheless was free to assert claims in an individual capacity. Although not in the form required under our rules of practice, the plaintiff provided ample notice that his petition was predicated, in part, on constitutional grounds. Specifically, the plaintiff alleged, in relevant part, that the blight ordinance "violates many important constitutional safeguards, such as the rights to privacy, freedom of self-expression, security in one's possessions, and the prohibition against the taking of one's property without due process of law." The petitioner also expressly invoked the first amendment in that pleading.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." *Gladstein* v. *Goldfield*, 325 Conn. 418, 421 n.3, 159 A.3d 661 (2017). Construing the plaintiff's petition in accordance with the broad and realistic framework through which Connecticut courts are instructed to consider the pleadings of self-represented litigants, we conclude that it contains allegations of a constitutional dimension. It does not "strain the bounds of rational comprehension"; *Henderson* v. *Commissioner of Correction*, supra, 181 Conn. App. 793; to acknowledge that at least some of the plaintiff's constitutional allegations are intended to directly apply to him.

As a result, we disagree with the court's conclusion that it could not afford any practical relief to the plaintiff. It is well established that both this court and the trial court have the jurisdiction to overturn state and municipal legislation and ordinances that violate federal and state constitutional protections.[12] Because the defendant filed a motion to dismiss the plaintiff's petition, the structure of the petition as a complaint was not challenged by the defendant. With our reversal of the court's judgment of dismissal insofar as it relates to the plaintiff's allegations of violations of his individual constitutional rights, those allegations in the petition, on remand, are before the court. The court could afford practical relief to him if the plaintiff ultimately proves that some or all of the provisions of § 7-152c or the

blight ordinance violated his constitutional rights.

In summary, on the basis of our thorough review of the record and relevant case law, we conclude that the court failed to construe the self-represented plaintiff's petition in the broad and realistic manner required by our case law and, as a result, it did not conduct the examination of the plaintiff's individual constitutional claims that our case law further requires. Accordingly, we reverse the judgment of the court granting the defendant's motion to dismiss the plaintiff's petition in Docket No. AC 42139 with respect to the plaintiff's individual constitutional claims. In so doing, we offer no view whatsoever as to the merits of those claims.[13]

IV

AC 42206

In Docket No. AC 42206, the plaintiff appeals from the judgment of the court granting the defendant's motion to dismiss his complaint filed on May 8, 2018, which challenged a blight citation issued by the defendant on May 27, 2016, on the ground of mootness. The defendant moved to dismiss the plaintiff's complaint on July 2, 2018, on the basis that the defendant had withdrawn that blight citation on July 22, 2016, and that no action had been taken against the plaintiff pursuant to that citation, rendering the plaintiff's appeal moot because there was no practical relief that the court could grant. On October 17, 2018, the court granted the defendant's motion to dismiss on the basis that the withdrawal of the citation mooted the plaintiff's claims, and, therefore, the court lacked subject matter jurisdiction over the appeal. We agree with the court.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates this court's subject matter jurisdiction. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *Renaissance Management Co.* v. *Barnes*, 175 Conn. App. 681, 685–86, 168 A.3d 530 (2017).

Because the defendant's withdrawal of the blight citation issued to the plaintiff on May 27, 2016, rendered moot the claims in the complaint he filed on May 8, 2018, with respect to the citation, we conclude that the court did not err in granting the defendant's motion to dismiss the plaintiff's complaint.

The judgments in Docket Nos. AC 41902 and AC 42206 are affirmed; the appeal in Docket No. AC 42138 is dismissed for lack of jurisdiction; the judgment in Docket No. AC 42139 is reversed in part and the case is remanded to the trial court for further proceedings

consistent with this opinion.

In this opinion the other judges concurred.

[1] Linda S.K. Reed was also named as a defendant in the action that is the subject of the appeal in Docket No. AC 42206. She is not a party to that appeal and all references herein to the defendant are to the city of Middletown.

[2] The City of Middletown Code of Ordinances, Chapter 120, Article II, § 120-25A provides the city's procedure for issuing and appealing blight citations.

[3] The defendant issued to the plaintiff a failure to pay fines notice on March 28, 2018, six days after the plaintiff initiated the action challenging such fines. Section 7-152c provides that, following the issuance of a failure to pay fines notice, the party to whom the notice has been issued has ten days to appeal to an administrative hearing officer. The plaintiff timely sought an administrative appeal. A hearing officer was assigned, and a hearing was held on May 2, 2018. After the hearing, the hearing officer issued a decision sustaining the city's blight citation and denying the plaintiff's claims. The plaintiff appealed this decision two days later on May 4, 2018, initiating an action currently pending in the trial court. On May 7, 2018, the hearing officer issued an amended hearing decision, again denying the plaintiff's claims.

[4] The publication states in relevant part: "Notice of decision by the Middletown Planning and Zoning Commission at its regular meeting of February 14, 2018: 1. Denied without prejudice a proposed [s]pecial [e]xception to Section 60.02.24 under the Americans with Disabilities Act to operate a recovery home (sober house) at 5 Maple Place, Applicant/agent George Berka SE 2017-7."

Additionally, during oral argument on the appeals, the defendant's counsel was questioned about whether the defendant also had sent to the plaintiff by certified mail individual notice of its decision. See General Statutes § 8-26e. The attorney for the defendant was unable to answer that question at oral argument, but he subsequently sent to this court, with a copy to the plaintiff, who did not object to the submission, a copy of the certified mail notice to the defendant at his home address in Waterbury. If it is necessary to do so, we take judicial notice of the certified mail to the plaintiff. See *Gamez-Reyes* v. *Biagi*, 136 Conn. App. 258, 261 n.4, 44 A.3d 197, cert. denied, 306 Conn. 905, 52 A.3d 731 (2012).

[5] In its brief and at oral argument in Docket No. AC 42206, the defendant explained that, at the same time it had issued the blight citation to the plaintiff, the state's attorney's office had brought a case against the plaintiff for the same violations set forth in its blight citation. The defendant stated that it withdrew the 2016 blight citation because of the duplicative nature of the claims against the plaintiff set forth in the blight citation and the claims against him being pursued by the state's attorney.

[6] We also note that, even if this appeal properly were before this court, the plaintiff filed his appeal in the trial court on April 3, 2018—forty days after the decision of the commission was published. General Statutes § 8-8 (b) states in relevant part: "[A]ny person aggrieved by any decision of a board, including . . . a special permit or special exception pursuant to section 8-3c, may take an appeal to the superior court for the judicial district in which the municipality is located. . . . The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." The plaintiff's appeal was not filed within fifteen days of the date of publication and, therefore, the trial court lacked subject matter jurisdiction over the claim. See, e.g., *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 283, 487 A.2d 559 (1985) (holding that court properly dismissed plaintiff's appeal when plaintiff failed to bring its appeal of zoning board of appeals decision within fifteen days after publication of adequate notice of decision as required by § 8-8). The plaintiff did not challenge the adequacy of the published notice. See, e.g., id., 281–82.

[7] Copies of that blight citation, as well as the failure to pay fines notice and the assessment of fines notice issued by the defendant, all accompanied the defendant's motion to dismiss and, thus, properly were before the court when the issue of justiciability was raised.

[8] Practice Book § 10-1 provides in relevant part: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation. . . ."

[9] We recognize that, as our precedent instructs, a court cannot decide a motion to dismiss on the basis of "factual and legal memoranda of the parties" when issues of fact are disputed. *Bradley's Appeal from Probate*, 19 Conn. App. 456, 466, 563 A.2d 1358 (1989). Here, the materials furnished to the court by the defendant are not disputed and demonstrate that the plaintiff has been subject to actions to enforce the blight ordinance against his property.

[10] The record indicates that Judge Domnarski ruled on the present action concerning the validity of the blight ordinance and the plaintiff's appeal from the denial of his application for a special exception to operate a sober house on the property on September 18, 2018; on October 17, 2018, he dismissed the plaintiff's action regarding the 2016 blight citation.

[11] We view the defendant's representation in its appellate brief that the present action arises "out of the same underlying enforcement actions against [the] property at 5 Maple Place" as the plaintiff's other civil actions filed against the defendant in 2018, as an invitation to take judicial notice of those related proceedings, if not a judicial admission. See, e.g., *Rodia* v. *Tesco Corp.*, 11 Conn. App. 391, 395, 527 A.2d 721 (1987) ("[w]e view this statement by the plaintiffs in their [appellate] brief as analogous to a judicial admission and therefore binding on the plaintiffs").

[12] This court may exercise concurrent jurisdiction with the federal courts in cases arising under the federal constitution. See, e.g., *Stratford* v. *Bridgeport*, 173 Conn. 303, 311, 377 A.2d 327 (1977) ("[a]lthough it is true that where the supremacy of federal law exists it requires that state courts apply that law, the mere fact of such supremacy does not oust a state court from jurisdiction").

[13] We likewise reiterate the procedural posture of this case, which is a dismissal on jurisdictional grounds. The question of whether the plaintiff's operative pleading can survive a motion to strike, therefore, is not presently before us.

We further note that Practice Book § 10-60 (a) (1) provides in relevant part that "[e]xcept as provided in Section 10-66, a party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section . . . [b]y order of judicial authority. . . ." Whether to permit the plaintiff to amend his pleading pursuant to that rule of practice "rests within the discretion of the trial court." *Martinez* v. *New Haven*, 328 Conn. 1, 15 n.13, 176 A.3d 531 (2018).